# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|                                           |     |                           |
|-------------------------------------------|-----|---------------------------|
| AMERSCAPE, LLC,                           | )   |                           |
|                                           | )   |                           |
| Plaintiff,                                | )   |                           |
|                                           | )   |                           |
| v.                                        | )   |                           |
|                                           | )   | C.A. No. N21C-01-078 CLS  |
| ACACIA COMMERCIAL                         | )   |                           |
| SERVICES, INC., ACACIA                    | )   |                           |
| FACILITIES SERVICES, LLC;                 | )   |                           |
| ISAAC HOWELL, REBECCA                     | )   |                           |
| HOWELL and EQUVEST LLC.                   | )   |                           |
|                                           | )   |                           |
| Defendants.                               |     |                           |

Date Submitted: May 9, 2022
Date Decided: June 22, 2022

*Upon Defendant's Motion to Dismiss Count 4 of Plaintiff's Amended Complaint.*
**DENIED.**

## ORDER

Charles J. Brown, III, Esquire, Gellert Scali Busenkell & Brown, LLC, Wilmington, Delaware, 19801, Attorney for Plaintiff, Amerscape, LLC.

Artemio C. Aranilla, Esquire, MacElree Harvey, LTD., Hockessin, Delaware, 19707, Attorney for Defendants, Acacia Commercial Services, Inc., Acacia Facilities Services, LLC, Isaac Howell, Rebecca Howell, and Equvest LLC.

**SCOTT, J.**

1

## INTRODUCTION

Before the Court is Defendants Acacia Commercial Services, Inc., Acacia Facilities Services, LLC, Isaac Howell, Rebecca Howell, and Equvest LLC's ("Defendants") Motion to Dismiss ("Motion") Count 4 of Plaintiff Amerscape LLC's ("Amerscape") Complaint. The Court has reviewed the Motion and Amerscape's opposition. For the reasons below, Defendants' Motion to Dismiss is **DENIED.**

## ALLEGED FACTS

This cause of action arises out of a representation agreement ("Agreement") between Defendants and Amerscape. According to the Amended Complaint, Defendant Isaac Howell along with his spouse Rebecca Howell own and control Acacia and Acacia Facility. Both Amerscape and Acacia were engaged in the business of providing landscape, property maintenance, and snow and ice removal services. Pursuant to the Agreement, Amerscape facilitated the transfer of both its Landscaping and Snow clients to Acacia identified as the "Legacy Portfolio" and agreed to refrain from engaging in any future business of landscape, property maintenance and snow and ice removal services. Pursuant to the Agreement Acacia agreed to pay Amerscape a total of $300,000.00 with $50,000.00 due at the time that all of the Amerscape client's identified as the Legacy Portfolio signed contracts as listed in the Agreement Exhibit A with Acacia and with Acacia paying the balance

of $250,000.00 based upon monthly payments of ten percent of the gross margin as defined in Agreement Paragraph 2 that Acacia received from the Amerscape snow removal clients listed in the Agreement Exhibit C who had signed contracts with Acacia.

The Agreement also provided that Acacia could but was not obligated to offer employment to certain employees of Amerscape as Acacia required those employees to pass drug and background checks prior to being hired. Acacia did hire some employees ("Amerscape Former Employees")

In or about September of 2019, Acacia began to terminate the Amerscape Former Employees. Amerscape alleges Defendants breached their obligations under the Agreement in that Acacia has failed to remit monthly payments to Amerscape required under the Agreement Paragraph 2 within 20 days of the following calendar month and Acacia has failed to provide Amerscape with the detailed calculations as required by contract for determining the gross profit margin.

Further, Amerscape alleges after termination of the Amerscape Employees, Isaac Howell and Rebecca Howell and Equvest formed Acacia Facility in or about June of 2020. Amerscape further alleges Equvest, Isaac Howell and Rebecca Howell formed Acacia Facility for the purpose of shifting the Legacy accounts that Amerscape had transferred to Acacia to Acacia Facility.

3

Upon information and belief, Acacia received no consideration from Acacia Facility for the transfer of former Amerscape Legacy accounts. Acacia, Acacia Facility, Equvest, Isaac Howell and Rebecca Howell failed to disclose to Amerscape that the former Amerscape accounts had been transferred from Acacia to Acacia Facility.

Equvest, Isaac Howell and Rebecca Howell transferred the former Amerscape accounts from Acacia into the name of Acacia Facility for the purposes of ensuring that Acacia would be unable to satisfy its obligations owed to Amerscape. Equvest, Isaac Howell and Rebecca Howell transferred the former Amerscape accounts from Acacia into the name of Acacia Facility with the intent to hinder, delay or defraud Amerscape and remove assets from Amerscape's reach. Equvest, Isaac Howell and Rebecca Howell transferred the former Amerscape accounts from Acacia into the name of Acacia Facility without fair consideration and at a time or times when Acacia was legally insolvent or rendered insolvent by the conveyances. Equvest, Isaac Howell and Rebecca Howell transferred the former Amerscape accounts from Acacia into the name of Acacia Facility believing that Acacia would incur debts beyond its ability to payas they matured.

The transfer by Equvest, Isaac Howell and Rebecca Howell of the former Amerscape Legacy accounts from Acacia into the name of Acacia Facility were

4

fraudulent as to Amerscape who is a creditor of Acacia with a claim in excess of $250,000.00.

## STANDARD OF REVIEW

In Delaware, "courts have consistently followed the standards of Superior Court Civil Rule 12(b)(6) when considering motions to dismiss writ of mandamus petitions."[1] The test for sufficiency of a complaint challenged by a Rule 12(b)(6) motion to dismiss is whether a plaintiff may recover under any reasonably conceivable set of circumstances susceptible of proof under the complaint.[2] In making its determination, the Court must accept all well-pleaded allegations in the complaint as true and draw all reasonable factual inferences in favor of the non-moving party.[3] The complaint must be without merit as a matter of fact or law to be dismissed.[4] Therefore, if the plaintiff can recover under any conceivable set of circumstances susceptible of proof under the complaint, the motion to dismiss will not be granted.[5]

---

[1] *Allen v. Coupe*, 2016 WL 676041, at *2 (Del. Super. Ct. Feb. 18, 2016).
[2] *Spence v. Funk,* 396 A.2d 967, 968 (1978); *see Cambium Ltd. v. Trilantic Capital Partners III L.P.*, 2012 WL 172844, at *1 (Del. Jan. 20, 2012)(citing *Cent. Mortg. Co. v. Morgan Stanley Mortg. Capital Holdings LLC*, 27 A.3d 531, 537 (Del. 2011)).
[3] *Ramunno v. Cawley,* 705 A.2d 1029, 1034-36 (Del. 1998); *Nix v. Sawyer,* 466 A.2d 407, 410 (Del. Super. Ct.1983).
[4] *Diamond State Tel. Co. v. University of Delaware,* 269 A.2d 52 (Del. 1970).
[5] *Ramunno*, 705 A.2d at 1034; *see Cambium*, 2012 WL 172844, at *1 (citing *Cent. Mortg.*, 27 A.3d at 537)).

Delaware is a "notice pleading" state, and in most civil actions the rules of procedure require that the plaintiff simply provide a short and plain statement which gives the defendant "fair notice of a claim[.]"[6] The plaintiff "need not plead evidence, but allege facts that, if true, state a claim upon which relief can be granted."[7] Superior Court Civil Rule 9(b) deviates from this general rule and imposes a heightened pleading standard for allegations of fraud.

Rule 9(b) states that "[i]n all averments of fraud, negligence or mistake, the circumstances constituting fraud, negligence or mistake shall be stated with particularity."[8] "The factual circumstances that must be stated with particularity refer to the time, place, and contents of the false representations; the facts misrepresented; the identity of the person(s) making the misrepresentation; and what that person(s) gained from making the misrepresentation."[9] Intent, knowledge, malice, and other states of mind may be averred generally.[10] However, if the central facet of the claim of fraud is a "charge that the defendant knew something, there must be sufficient well-pled facts from which it can be reasonably inferred that this

---

[6] *VLIW Technology, LLC v. Hewlett-Packard Co.*, 840 A.2d 606, 611 (Del. 2003) (citing *Michelson v. Duncan*, 407 A.2d 211, 217 (Del. 1979)).
[7] *Id.*
[8] Super. Ct. Civ. R. 9(b).
[9] *Trenwick Am. Litig. Tr. v. Ernst & Young, L.L.P.*, 906 A.2d 168, 207-08 (Del. Ch. 2006), aff'd sub nom. *Trenwick Am. Litig. Tr. v. Billett*, 931 A.2d 438 (Del. 2007).
[10] Super. Ct. Civ. R. 9(b).

something was knowable and that the defendant was in a position to know it."[11] Failure to plead with sufficient particularity can warrant dismissal of a fraud claim.

In most cases, when the Superior Court considers a 12(b)(6) motion, it limits analysis to the "universe of facts" within the complaint and any attached documents.[12] This rule protects parties from the harm that may be caused by a lack of notice.[13] The court, however, may consider documents outside the pleadings when "the document is integral to a plaintiff's claim and incorporated into the complaint," or "when the document is not being relied upon to prove the truth of its contents."[14]

---

[11] *Trenwick*, 906 A.2d at 208.

[12] *In re General Motors (Hughes) S'holder Litig.*, 897 A.2d 162, 168 (Del. 2006) (citing *Malpiede v. Townson*, 780 A.2d 1075, 1082 (Del. 2001), *In re Santa Fe Pac. Corp. S'holder Litig.*, 669 A.2d 59, 69 (Del. 1995),

[13] *In re Gardner Denver, Inc.*, 2014 WL 715705, at *2 (Del. Ch. Feb. 21, 2014) (citing *In re Morton's Rest. Grp., Inc. S'holders Litig.*, 74 A.3d 656, 658 n.3 (Del. Ch. 2013) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002)), and *State ex rel. Brady v. Pettinaro Enters.*, 870 A.2d 513, 523 (Del. Ch. 2005)); 5C Fed. Prac. & Proc. Civ. § 1366 (3d ed.) (In the federal context: "Generally, the harm to the plaintiff when a court considers material extraneous to a complaint on a Rule 12(b)(6) motion is the lack of notice that the material may be considered. Accordingly, when the plaintiff has actual notice of all the information in the movant's papers and has relied upon these documents in framing the complaint, the necessity of converting a Rule 12(b)(6) motion into one under Rule 56 is largely dissipated.").

[14] *Vanderbilt Income & Growth Assoc., L.L.C. v. Arvida/JMB Managers, Inc.*, 691 A.2d 609, 613 (Del. 1996) (citing In re Santa Fe, 669 A.2d at 69–70).

Additionally, "[t]he trial court may also take judicial notice of matters that are not subject to reasonable dispute."[15]

## DISCUSSION

To establish a fraudulent transfer claim, a plaintiff must show either "actual intent to hinder, delay or defraud any creditor" or inadequate value received for a transfer, combined with either insufficient assets for business or at least constructive belief that the transferor would incur debts exceeding its ability to repay them as they come due.[16] It is not enough to make conclusory allegations mirroring the elements in the fraudulent transfer statute.[17] Claims for actual fraudulent transfer under Section 1304(a)(1) "must meet the heightened pleading standard of Superior Court Civil Rule 9(b)."[18] Under Rule 9(b), Amerscape must include "specific supporting facts describing the circumstances of the transfer."[19]

---

[15] *In re General Motors*, 897 A.2d at 169 (citing D.R.E. 201(b)); see *In re Gardner Denver, Inc.*, 2014 WL 715705, at *2 (Noting that this Court has recognized three occasions where a court may consider documents extraneous to a complaint: "(i) when the document is integral to a plaintiff's claim and incorporated into the complaint; (ii) when the document is not being relied upon to prove the truth of its contents; and (iii) when the document, or a portion thereof, is an adjudicative fact subject to judicial notice."

[16] 6 Del. C. § 1304(a)(2).

[17] See *Hospitalists of Del., LLC v. Lutz*, 2012 WL 3679219, at *13 (Del. Ch. Aug. 28, 2012) ("[S]imply reciting the statutory or common law elements of an offense...is insufficient to state a claim upon which relief may be granted.").

[18] *Ki-Poong Lee v. So*, 2016 WL 6806247 at * 3 (Del. Super. Nov. 17, 2016).

[19] *Id.* at *4.

Allegations based "upon information and belief" are not enough to satisfy Rule 9(b)'s requirements.[20]

Amerscape's allegations satisfy Rule 9(b)'s particularity requirements. Under Section 1304(a), Amerscape must plead Defendants actually intended to hinder, delay, or defraud Amerscape.[21] Amerscape's allegations seem conclusory; however, Section 1304(b) provides otherwise.

One of the factors that may be given consideration when determining actual intent is whether the transfer was to an insider.[22] Under Section 1301(7)(d), a person in control of a corporation or a partnership is an insider.[23] Amerscape alleges Isaac and Rebecca Howell own and operate Acacia and along with Equvest, they formed Acacia Facility for the purpose of transferring accounts. These relationships, at this stage of the proceedings, satisfy "insider" statutory definition under Section 1301(1) and, therefore, support Amerscape's allegation that the Defendants were "insiders."[24]

In addition, Amerscape states that Defendants failed to disclose the transfer. Another factor to consider when determining actual intent is whether the transfer

---

[20] See *id.*
[21] See 6 Del. C. § 1304(a).
[22] See 6 Del. C. § 1304(b)(1).
[23] See 6 Del. C. § 1301(7)(b)(3) and (c)(5).
[24] 6 Del. C. § 1304(d)(1).

was concealed.[25] Factual allegations regarding concealment and insider status are enough to satisfy Civil Rule 9.[26]

Amerscape alleges sufficient facts that show the Defendants were insolvent or became insolvent shortly after the transfer was made or the obligation was incurred.[27] Under Section 1302(b), a "debtor who is generally not paying debts as they become due is presumed to be insolvent."[28] Amerscape alleges Defendants transferred the accounts so Defendants would not be able to satisfy its obligations owed to Amerscape and additionally alleges Defendants failed to remit monthly payments to Amerscape required under the Agreement. Accordingly, the Court finds that Amerscape alleged sufficient facts to show that the debtor was insolvent or became insolvent shortly after the transfer was made.

Finally, Amerscape also alleges sufficient facts to show that Defendants retained possession or control of the property after the transfer. Amerscape alleges that Defendants, by virtue of its ownership interest and control in Acacia, retained possession or control of the property transferred even after the transfers. As such, Amerscape plead specific facts with sufficient particularity to support the

---

[25] 6 Del. C. § 1304(d)(3).

[26] *CIBC Bank USA v. JH Portfolio Debt Equities*, *LLC*, 2021 WL 2230976, at *10 (Del. Super. Ct. June 2, 2021).

[27] See 6 Del. C. § 1304(b)(9).

[28] 6 Del. C. § 1302(b).

allegation that Defendants retained possession or control of the property after the transfer.

The Court finds that Amerscape has alleged facts to satisfy the statute as to actual intent. Moreover, Amerscape alleges with sufficient particularity that Defendants became insolvent shortly after the transfer and that Defendants retained control of the distributions after the transfer. The Court finds that allegations of actual intent are sufficient for Amerscape's fraudulent transfer claim to survive.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is **DENIED.**

**/s/ Calvin L. Scott**
**Judge Calvin L. Scott, Jr.**